

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MANISH SINGH,<br><br>Defendant. | Case No. 1:20-CR-59-TSE<br><br>Counts 1–5: 18 U.S.C. §§ 1343 & 2<br>(Wire Fraud)<br><br>Count 6: 18 U.S.C. §§ 1028(a)(7) & 2<br>(Identity Theft)<br><br>Forfeiture Notice |

## SUPERSEDING INDICTMENT

March 2021 Term—at Alexandria, Virginia

THE GRAND JURY CHARGES THAT:

### Introductory Allegations

At all times relevant to this Superseding Indictment:

1. The defendant, MANISH SINGH ("SINGH"), owned a company called VICTOR ROSSI and purportedly worked in the business of purchasing and selling fabrics. SINGH held himself out as an individual with vast experience and contacts in the fabric industry.

### The Scheme and Artifice to Defraud

2. From in or about summer 2016 to in or about late 2018, in the Eastern District of Virginia and elsewhere, the Defendant, MANISH SINGH, knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

3. In 2016, VICTIM 1 and VICTIM 2, a married couple who live in the Eastern District of Virginia, entered into an agreement with SINGH to create a business that would

design, purchase, and sell fabrics. VICTIM 1 and VICTIM 2 would provide the capital for the business, and VICTIM 2 would be involved in the selection and design of the fabrics. SINGH would contribute his expertise and contacts in the fabric industry.

4.  From at least in or about September 2016 to at least in or about February 2018, SINGH billed VICTIM 1 and VICTIM 2 for numerous fictitious expenses related to the business, including work supposedly performed by contract employees, fabric transportation, and purchases of fabric from overseas companies.

5.  Based on SINGH's materially false and fraudulent pretenses, representations, and promises that he was using the money invested for start-up costs and purchases of fabric from overseas manufacturers, VICTIM 1 and VICTIM 2 gave SINGH a total of approximately $1,264,434.36. VICTIM 1 and VICTIM 2 gave SINGH their money based on SINGH's representations that SINGH would use that money to establish the business and make fabric purchases of material which would ultimately be resold.

6.  SINGH, however, did not use VICTIM 1 and VICTIM 2's money for purposes related to establishing the fabric business. Instead, SINGH used their money for personal purposes, including, among other things, to purchase tokens for tipping performers on a livestreaming website, repay personal loans, and purchase a Lexus RX350.

<u>Counts 1–5</u>
(Wire Fraud)

7. Paragraphs 1–6 of this Indictment are hereby re-alleged and incorporated as though set forth fully herein.

8. On or about the following dates, for the purpose of executing the above-described scheme and artifice to defraud, and for the purpose of obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, the Defendant, MANISH SINGH, knowingly transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce a writing, sign, signal, picture, and sound that either originated or terminated within the Eastern District of Virginia.

| Count | Date | Description of Wire Communication |
|---|---|---|
| 1 | February 13, 2017 | Telephone Call from VICTIM 2 to SINGH |
| 2 | July 6, 2017 | Wire transfer from VICTIMS 1 and 2 to SINGH in the amount of $60,000 |
| 3 | July 25, 2017 | Wire transfer from VICTIMS 1 and 2 to SINGH in the amount of $140,000 |
| 4 | August 14, 2017 | Email from SINGH to VICTIMS 1 and 2 |
| 5 | October 2, 2017 | Wire transfer from VICTIMS 1 and 2 to SINGH in the amount of $162,000 |

## Count 6
## (Identity Theft)

THE GRAND JURY FURTHER CHARGES THAT:

9. Paragraphs 1–6 of this Indictment are hereby re-alleged and incorporated as though set forth fully herein.

10. On or about May 10, 2018, the Defendant, MANISH SINGH, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, namely the name of S.C., knowing that the means of identification belonged to another actual person, with the intent to commit, aid, and abet, and in connection with, unlawful activity that constitutes a violation of Federal law, namely wire fraud, as alleged in paragraphs 1 through 6 of this Indictment.

11. Specifically, SINGH created a fictitious email account which he intended to appear to be the email address of S.C., the owner of a fabric company. On May 10, 2018, SINGH sent an email to VICTIM 1 and VICTIM 2 from this account, which SINGH signed as S.C., for the purpose of concealing the fact that SINGH had not used the money invested by VICTIM 1 and VICTIM 2 in the manner agreed upon by the parties.

(In violation of Title 18, United States Code, Sections 1028(a)(7) and 2).

## FORFEITURE NOTICE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT THE PROPERTY DESCRIBED BELOW IS SUBJECT TO FORFEITURE:

Pursuant to Federal Rule of Criminal Procedure 32.2(a), the Defendant, MANISH SINGH, is hereby notified that, if convicted of an offense alleged in Counts 1–5 of this Superseding Indictment, the Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), his interest in any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as the result of such offense, including, but not limited to, the following:.

    a.    2013 Lexus RX350 bearing Vehicle Identification Number 2T2BK1BA3DC208315

Pursuant to Federal Rule of Criminal Procedure 32.2(a), the Defendant, MANISH SINGH, is hereby notified that, if convicted of the offense alleged in Count 6 of this Superseding Indictment, the Defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(B), any property constituting, or derived from, proceeds the Defendant obtained directly or indirectly as the result of such violation.

Pursuant to 21 U.S.C. § 853(p), MANISH SINGH shall forfeit substitute property if, by any act or omission of MANISH SINGH, the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(In accordance with Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(B); Title 28, United States Code, Section 2461(c); and Rule 32.2(a), Federal Rules of Criminal Procedure.)

A TRUE BILL:

Pursuant to the E-Government Act,
the original of this page has been filed
under seal in the Clerk's Office.
_____
FOREPERSON OF THE GRAND JURY

Raj Parekh
Acting United States Attorney

By: *[signature: Grace L. Hill]*
Grace L. Hill
Heidi Boutros Gesch
Assistant United States Attorneys
Eastern District of Virginia